**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
v. ) I.D. # 1512015721A
)
JOHN D. WILLIAMS, )
)
Defendant. )

Submitted: October 22, 2019
Decided: January 27, 2020

**Upon Defendant's Motion for Postconviction Relief: Denied**
**Upon Postconviction Counsel's Motion to Withdraw: Granted**

This 27th day of January, 2020, upon consideration of Defendant John D. Williams' Motion for Postconviction Relief (the "Postconviction Motion") under Superior Court Criminal Rule 61 ("Rule 61"), Postconviction Counsel's Motion to Withdraw as Counsel (the "Motion to Withdraw"), and the record in this case, it appears to the Court that:

## FACTUAL AND PROCEDURAL BACKGROUND

1. On July 20, 2016, Williams was convicted of Possession of a Firearm by a Person Prohibited ("PFBPP") and Possession of Ammunition by a Person Prohibited ("PABPP").[1] After a presentence investigation, the Court sentenced Williams to the minimum mandatory sentence of 15 years on the PFBPP charge.[2]

---

[1] D.I. 25.
[2] D.I. 28; *see also* D.I. 50.

Williams also was declared a habitual offender under 11 *Del. C.* § 4214(a).[3]

2. Williams' convictions stemmed from a December 22, 2015 traffic stop conducted by Detective Thomas Rhoades ("Det. Rhoades") for illegal window tint.[4] Det. Rhoades knew before the traffic stop that Williams was a convicted sex offender who was required to register his address with the State.[5] Before the stop, police also received tips regarding the vehicle's driver transporting drugs. During the traffic stop, Det. Rhoades noticed Williams' vehicle was registered in Pennsylvania. After Williams stated he had registered the car in Pennsylvania a month earlier, but had not changed his sex offender registration, Det. Rhoades decided to arrest Williams for failure properly to register as a sex offender.[6] Williams was removed from the vehicle and handcuffed.[7] Detective Nicholas Ronzo arrived seconds later and performed a canine sniff of the vehicle.[8] During the sniff, the canine alerted to the presence of drugs. A handgun was recovered in the backseat during the ensuing vehicle search.

3. Williams' Trial Counsel, Michael Modica, Esquire ("Trial Counsel"), moved to suppress the evidence obtained as a result of the traffic stop, arguing (1)

_____

[3] D.I. 50.
[4] *See* Suppression Hearing Transcript (June 3, 2016) (hereinafter "June 3 Hearing Tr.") 5.
[5] *Id.* at 6.
[6] *Id.* at 7.
[7] *Id.* at 14-15, 43.
[8] Detective Ronzo conducted the canine sniff within five minutes of the stop's initiation. *See* June 3 Hearing Tr. 33-34.

there was no legitimate basis to initiate the traffic stop and police officers did not have reasonable articulable suspicion to do so; (2) police performed an illegal and warrantless search of the vehicle; and (3) the canine sniff and alert to the presence of drugs did not provide officers probable cause to search the vehicle.[9] After an evidentiary hearing, this Court denied the motion to suppress.[10] Williams was convicted at trial and appealed that conviction to the Delaware Supreme Court. On appeal, Williams argued the trial court erred by holding (1) the officer had reasonable articulable suspicion to stop the vehicle; (2) the officers' investigative detention and resulting arrest and search of both Williams and the vehicle were constitutional; and (3) the warrantless vehicle search was supported by probable cause.[11] The Supreme Court affirmed Williams' conviction on June 20, 2017.[12]

4.     Williams filed his *pro se* Postconviction Motion on June 7, 2018, raising the following grounds: (1) the motion to suppress should have been granted because the officers failed to issue an illegal window tint ticket; and (2) Trial Counsel was ineffective in failing to argue the officers lacked probable cause to arrest and failing to notify the Court that Williams did not receive an illegal window

---

[9] *See* D.I. 65 at A44-A55.
[10] D.I. 17.
[11] *See* D.I. 65 at A206-A232.
[12] *Williams v. State*, 2017 WL 2671146, at *1 (Del. June 20, 2017).

tint ticket.[13] Williams also filed a motion for appointment of counsel, which the Court granted on June 12, 2018.[14] Patrick Collins, Esquire was appointed as Williams' counsel (hereinafter "Postconviction Counsel"). On June 4, 2019, Postconviction Counsel filed the Motion to Withdraw under Rule 61(e)(7) stating he thoroughly had investigated Williams' case and determined no claims for postconviction relief ethically could be advocated.[15] Williams filed his response to the Motion to Withdraw on July 22, 2019.[16] Thereafter, the State responded to Williams' arguments,[17] and Williams filed a reply in further support of his arguments.[18]

## ANALYSIS

5.  Before addressing the merits of any claim for postconviction relief, this Court first must determine whether the motion procedurally is barred under Rule 61.[19] A motion for postconviction relief may be barred for timeliness and repetition, among other things. A Rule 61 motion is untimely if it is filed more than one year

---

[13] D.I. 53. Williams also submitted an amended *pro se* Postconviction Motion on April 29, 2019 claiming ineffective assistance of counsel and that the Court abused its discretion in denying the motion to suppress. *See* D.I. 65 at A293-A301.
[14] D.I. 54, 57.
[15] D.I. 64, 65.
[16] D.I. 66.
[17] D.I. 69.
[18] D.I. 70.
[19] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

after a final judgment of conviction.[20] A defendant also is barred from filing successive motions for relief under the Rule.[21] The Rule further prohibits motions based on any ground for relief that was not asserted in the proceedings leading up to the judgment of conviction, unless the movant demonstrates "[c]ause for relief from the procedural default" and "[p]rejudice from violation of the movant's rights."[22] Finally, the Rule bars consideration of any ground for relief that previously was adjudicated in the case.[23]

6. Notwithstanding the aforementioned procedural bars, this Court may consider a motion that otherwise is barred if the motion is based upon claims that the Court lacked jurisdiction or the motion satisfies the pleading requirements set forth in Rule 61(d)(2).[24] Rule 61(d)(2) requires that the movant plead with particularity that (i) "new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted;" or (ii) "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid."[25]

---

[20] Super. Ct. Crim. R. 61(i)(1).
[21] *Id.* 61(i)(2); *see id.* 61(d)(2)(i)-(ii) (regarding the pleading requirements for successive motions).
[22] *Id.* 61(i)(3)(A)-(B).
[23] *Id.* 61(i)(4).
[24] *Id.* 61(i)(5).
[25] *Id.* 61(d)(2)(i)-(ii).

7.     Williams' Postconviction Motion timely was filed. This is Williams' first motion for postconviction relief, and the Postconviction Motion therefore is not barred as successive. As set forth below, however, several of Williams' arguments are barred as previously adjudicated.

## A.     Williams' claims regarding the validity of the traffic stop, canine sniff, vehicle search, and arrest procedurally are barred.

8.     In Williams' original *pro se* Postconviction Motion, his Response to the Motion to Withdraw, and his Reply in Further Support of the Postconviction Motion, he articulates various reasons he believes the traffic stop, canine sniff, vehicle search, and arrest violated his constitutional rights. These arguments shift at times, but generally include the following: (1) Det. Rhoades' reasons for stopping Williams' vehicle were pretextual; (2) the officers did not have a basis to continue the stop once Williams provided a tint waiver; (3) the stop exceeded its initial purpose and that prolonged detention was not supported by reasonable articulable suspicion; (4) there was no probable cause to arrest Williams; (5) the canine sniff violated the 4th Amendment to the United States Constitution; and (6) the officers detained Williams for more than two hours in violation of 11 *Del. C.* § 1902.

9.     All these arguments are barred either as claims that previously were adjudicated or that were not raised timely in the proceedings below.[26] This Court

---

[26] Super. Ct. Crim. R. 61(i)(3)-(4).

and the Supreme Court addressed and rejected Williams' arguments that the traffic stop, canine sniff, vehicle search, and arrest were not valid.[27] Williams has not argued that there is cause for relief from the procedural default[28] or that the bars are inapplicable in his case.[29]

**B.     Williams' ineffective assistance of counsel claims do not support postconviction relief.**

10.     Williams' ineffective assistance of counsel claims could not be raised at trial or on direct appeal from his conviction.[30] Williams' Postconviction Motion timely was filed and therefore the Court properly may consider the merits of his claims that Trial Counsel was ineffective. Williams contends Trial Counsel failed to argue Williams' arrest lacked probable cause and failed to notify the Court that Williams never received an illegal window tint ticket.

11.     To prevail on a claim for ineffective assistance of counsel, a defendant must establish both that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.[31] There is a strong presumption that counsel's representation was reasonable.[32]     Accordingly, a

---

[27] *See, e.g.,* D.I. 65 at A80-81; *id.* at A206-232; *id.* at A261.
[28] Super. Ct. Crim. R. 61(i)(3).
[29] *Id.* 61(i)(5).
[30] *State v. Evans-Mayes,* 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).
[31] *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984).
[32] *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).

7

defendant must make specific allegations of actual prejudice and substantiate them; mere allegations or conclusory statements will not suffice.[33]

12. Williams' allegations are unavailing. In the motion to suppress, Trial Counsel argued the police officers did not have reasonable articulable suspicion to stop Williams or continue his detention and lacked probable cause for the vehicle search.[34] Those arguments also were advanced on appeal.[35] Additionally, issuance of a ticket during a traffic stop is not material to determining whether the police had reasonable articulable suspicion to stop a vehicle or probable cause to search it. Williams does not meet the burden of showing Trial Counsel's performance objectively was unreasonable or that Williams was prejudiced as a result.[36]

13. For all of the foregoing reasons, Williams has failed to demonstrate either that Trial Counsel's performance was deficient or that any such deficiency prejudiced him. Williams' Postconviction Motion therefore is DENIED.

---

[33] *Id.; Monroe v. State*, 2015 WL 1407856, at *3 (Del. Mar. 25, 2015).

[34] *See* D.I. 65 at A44-A55.

[35] *See id.* at A206-A232.

[36] At times, Williams also argues Trial Counsel was ineffective in failing to argue the police violated 11 *Del. C.* § 1902 by failing to arrest or release him within two hours of his initial stop. This argument is not supported by the record and therefore Trial Counsel was not ineffective in failing to make it. Even if Williams was not already under arrest for the failure to register issue at the time the vehicle was searched, he was placed under arrest and transported to the police station for the firearms charge well before two hours had elapsed. *See* June 3 Hearing Tr. 26-28, 43-44. Moreover, it is irrelevant whether the anonymous tips the officers received about the vehicle sufficiently were reliable to constitute a basis for the stop or search because the State did not rely on those tips in support of its argument regarding the traffic stop and later vehicle search.

8

**C.    Postconviction Counsel's Motion to Withdraw is granted.**

14.    Rule 61(e)(7) provides that counsel appointed to represent a defendant in postconviction proceedings may move to withdraw if "counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant[.]" A motion to withdraw must state the factual and legal bases for counsel's opinion. In considering the motion, the Court must "be satisfied that . . . counsel made a conscientious examination of the record and the law for claims that could arguabl[y] support [the defendant's] Rule 61 motion."[37] The Court also must review the record independently in order to determine whether the case is devoid of any arguable claims for relief.[38]

15.    Williams opposes the Motion to Withdraw on the basis that his Fourth Amendment rights were violated by the detention exceeding two hours and by the canine sniff. Postconviction Counsel's Motion to Withdraw demonstrates he thoroughly reviewed the record in this case, including Trial Counsel's performance, and the relevant law. Postconviction Counsel had the entire record available to him. As noted above, the Court independently has reviewed the record and finds no merit to Williams' claims.

---

[37] *State v. West*, 2013 WL 6606833, at *3 (Del. Super. Dec. 12, 2013), *aff'd*, 100 A.3d 1022 (Del. 2014).
[38] *Id.*

9

NOW, THEREFORE, IT IS ORDERED that John D. Williams' Motion for Postconviction Relief is DENIED and Postconviction Counsel's Motion to Withdraw is GRANTED. Counsel's continuing obligations to Williams are limited to those duties set forth in Rule 61(e)(7)(ii).

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Patrick J. Collins, Esquire
       Zachary D. Rosen, Deputy Attorney General
       Michael W. Modica, Esquire
       John D. Williams, *pro se* (SBI No. 00122670)